UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number: 19-14238-CIV-MARTINEZ-MAYNARD**

KINGDOMWORKS STUDIOS, LLC,

    Plaintiff/Counter-Defendant,

v.

KINGDOM STUDIOS, LLC and
KINGDOM INC.,

    Defendants/Counterclaimants.
_____/

**ORDER ADOPTING IN PART MAGISTRATE
JUDGE MAYNARD'S REPORT AND RECOMMENDATION**

**THIS MATTER** was referred to the Honorable Shaniek M. Maynard for a report and recommendation on the parties' Motions for Summary Judgment, (ECF Nos. 182, 193, 221). Magistrate Judge Maynard issued a report and recommendation ("R&R") recommending that (1) Defendant Kingdom Inc.'s ("Kingdom") Motion for Summary Judgment, (ECF No. 182), be DENIED; (2) Defendant Kingdom Studios, LLC's ("KS" and together with Kingdom "Defendants") Motion for Summary Judgment against Plaintiff, Kingdomworks Studios, LLC ("Plaintiff"), (ECF No. 193), be granted; and (3) that Plaintiff's Motion for Summary Judgment against Defendant Kingdom be granted, (ECF No. 221). (ECF No. 240). Plaintiff has timely filed objections to the R&R ("Objections"), (ECF No. 251), and Defendants each filed responses to the Objections, (ECF Nos. 252, 253). Defendants do not object to the R&R's findings.

After conducting a *de novo* review of the issues that Plaintiff's objections present, the Court agrees with Judge Maynard's thorough and well-reasoned report and recommendations in part as stated herein.

1

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which an objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The R&R recommends that summary judgment be granted in favor of both Defendants on all seven of Plaintiff's claims. Count VII of Plaintiff's complaint is a declaratory judgment claim against both KS and Kingdom and all other six counts are raised only against KS. Only KS moved for summary judgment on all seven claims. Kingdom did not move for summary judgment as to Count VII of Plaintiff's complaint, it only moved for summary judgment on its counterclaims against Plaintiff. (*See* ECF No. 182). Although the R&R recommends granting summary judgment in favor of Kingdom *sua sponte*, the parties have received adequate notice and an opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349,* 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F.Supp.2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed).

Plaintiff first objects to Judge Maynard's finding that Kingdom is the senior user of the KINGDOM mark and that it has priority. It argues that Judge Maynard failed to apply the seven-

2

factor test to determine a likelihood of confusion when deciding who had priority. (Objections at 15). This objection is misplaced. Judge Maynard analyzed each of the factors in extensive detail under the appropriate element of trademark infringement. (R&R at 24–38; *see* (*Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) ("[T]o prevail, a plaintiff must demonstrate (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion."); *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1131 (11th Cir. 1989) (explaining that, under common law, the existence of an enforceable trademark can be established through "prior use of the mark in commerce[.]").

Plaintiff also contends that the R&R "credulously relies" on the declaration of Juanita Berguson and the testimony of Mark Hamilton. (Objections, at 10). According to Plaintiff, Berguson's testimony is belied by Kingdom's own financial documents showing that no revenue was ever attributable to its "video services"; that Kingdom did not begin to purchase any video equipment until at least 1989; and that other Kingdom witnesses testified that Kingdom's alleged media department has not had any employees at least in the last five years. Yet, the declarations are not the only evidence Judge Maynard relies on for its findings. Indeed, the record shows that Kingdom has produced and filmed full length movies, how-to-series, documentaries, devotional series, commercials, music videos, films of live events and seminars, and television programs since as early as the late 1980's and has continued doing so until at least 2018. (*See* ECF No. 185-1 at 34–38).

Even drawing all inferences in favor of Plaintiff and assuming *arguendo* that Kingdom began using its mark in 2003, Plaintiff did not begin using its mark until 2012, well after Plaintiff's mark was registered. As Judge Maynard aptly stated, "[s]ince [Kingdom's] application [for registration of the mark] was successful, a constructive use date of March 10, 2003 applies to the

3

[Kingdom] mark" and Plaintiff "has provided no evidence that it actually used the KINGDOMWORKS STUDIOS mark prior to" that date. (R&R. at 13); *see Matal v. Tam*, 137 S.Ct. 1744, 1753 (2017) ("Registration on the principal register (1) serves as constructive notice of the registrant's claim of ownership of the mark; (2) is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner' exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate; and (3) can make a mark 'incontestable' once a mark has been registered for five years[.]'" (internal citations and quotation marks omitted)). The Court agrees and overrules Plaintiff's objection on this issue.

Finally, Plaintiff objects that Kingdom licensed rights that it did not possess. Plaintiff advances that Kingdom "licensed rights to KS beyond the scope of rights it acquired or even registered." (Objections at 28). Plaintiff's objections, however, are premised on mere conjecture and speculation as to what Kingdom was attempting to achieve by deleting certain language from the license agreement during its negotiations with KS. It essentially argues that a reasonable juror could find that Kingdom deleted certain language from the final version of its licensing agreement with KS because it knew that it was "attempting to stretch the license KS sought beyond the scope of [Kingdom's] rights[.]" (*See* Objections at 29). An inference based on conjecture or speculation does not create a genuine issue of material fact. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005); *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988) ("All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant. . . . However, an inference based on speculation or conjecture is not reasonable."). Plaintiff's objection is thus overruled.

Judge Maynard also recommends granting summary judgment in favor of KS on Counts I

4

and II of its counterclaims against Plaintiff and dismissing Counts III and IV of KS's counterclaims.  The parties have not moved for summary judgment on KS's counterclaims; however, Judge Maynard notes that "[KS's counterclaims] are essentially either the reverse of Plaintiff's claims against KS or mirror [Kingdom's] claims." (R&R at 8 n.6).  Again, the parties have had adequate notice of the Court's intent to grant summary judgment on these counterclaims. *See Shivers*, 262 F. App'x at 125, 127.  Plaintiff does not object to Judge Maynard's finding.  The Court agrees with Judge Maynard's recommendation as to KS's counterclaims in part only.  Indeed, KS's first two counterclaims for declaratory judgment are addressed in the R&R's findings and summary judgment in favor of KS is appropriate.  Yet, KS's claim for dilution under Florida law and its alternative claim for federal trademark infringement are not addressed.  As such, the Court will remand this case back to Judge Maynard only for purposes of clarifying the reasons for dismissing KS's Counterclaims III and IV.

All other portions of the record that have not been objected to have been reviewed *de novo*, and the Court finds no clear error in Judge Maynard's analysis.  *See Liberty Am. Ins. Grp.*, 199 F. Supp. 2d at 1276.

For the foregoing reasons, it is

**ADJUDGED** that United States Magistrate Maynard's Report and Recommendations, (ECF No. 240), is **AFFIRMED** and **ADOPTED IN PART**.

Accordingly, it is **ADJUDGED** that:

1.      Defendant Kingdom's Motion for Summary Judgment, (ECF No. 182), is **DENIED**.

      2.      Defendant KS's Motion for Summary Judgment against Plaintiff, (ECF No. 193), is **GRANTED**. Summary judgment is granted in favor of Defendants and against Plaintiff as to Plaintiff's claims.

      3.      Summary judgment is also granted in favor of KS and against Plaintiff only on Counts I and II of KS's Counterclaims.

      4.      Plaintiff's Motion for Summary Judgment against Defendant Kingdom, (ECF No. 221), is **GRANTED**. Summary judgment is granted in favor of Plaintiff and against Kingdom on all three of Kingdom's counterclaims.

      5.      This case is **REMANDED** to Magistrate Judge Maynard for clarification purposes **only** as to Counts III and IV of KS's Counterclaims, (ECF No. 17).

DONE and ORDERED in Chambers at Miami, Florida this 1st day of February, 2022.

                                                           JOSE E. MARTINEZ
                                                           UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All counsel of record